La Grange v. L'Amoureux.

## LA GRANGE and wife vs. L'AMOUREUX.

Under the 47th section of the article of the revised statutes relative to uses and trusts every person who, by virtue of any grant, assignment or devise, is entitled to the actual possession of lands, and the receipt of the rents and profits thereof, has a legal estate therein of the same quality and duration, and subject to the same conditions, as his beneficial interest.

The revised statutes have abolished all mere naked trusts of real estate, and only allow trusts to be created for certain specified purposes.

Where it is apparent from a deed that the property embraced in it was intended to be conveyed to the grantee merely as a trustee for others, and not for his own benefit, he will take no legal title or beneficial interest under such deed.   And the persons having the legal estate under such deed are not entitled to a decree directing such grantee to convey the property to them.

THE bill in this case stated that J. Holmes, of Albany, died in 1832, leaving his daughter, one of the complainants, and

eight other children surviving him, who were entitled to the real estate of which he died seizèd; that at the time of his death he owned in fee certain lots in the city of Albany, described in the bill, which were then subject to a mortgage to the commissioners of loans of the county of Albany; that the mortgage was subsequently foreclosed and the premises were bid in by and conveyed to Jesse Buel, who afterwards conveyed two of those lots nominally to the defendant L'Amoureux, but by a deed which purported to convey them to him "for the benefit of those who were interested in the premises previous to the sale of the same by the commissioners of loans, by virtue of their mortgage." The defendant put in an answer admitting the facts stated in the bill, but insisting that by virtue of the deed from Buel, he, the defendant, obtained an absolute and unconditional estate in the premises, and that they were not held in trust for any other person or persons. He also admitted that he had been requested to convey to the wife of the complainant, C. J. La Grange, one ninth of the premises, but that he had refused to do so, claiming to be himself the absolute owner of the premises by virtue of the deed from Buel. The cause was submitted upon bill and answer.

*A. S. Hills*, for the complainant.

*J. L'Amoureux*, defendant, in person.

THE CHANCELLOR. No one can read the deed in this case, in connection with the facts stated in the bill, without coming to the conclusion that it was the intention of Mr. Buel, the grantor, to convey the premises to L'Amoureux as the mere naked trustee for the heirs at law of J. Holmes, who were equitably entitled to them while in the hands of Buel. And if the deed had been executed, and this bill filed, previous to the revised statutes, it would have been a matter of course to decree a conveyance to the cestui que trusts, according to their respective equitable interests in the premises. The claim of the defendant to hold the premises for his own benefit, under this

conveyance, which was never intended to give the property to him for his own use, is therefore unconscientious. The complainant, however, is wrong in supposing that the title of the property is vested in L'Amoureux by virtue of this deed. The revised statutes have abolished all mere naked trusts of real estate, and only allow trusts to be created for certain specified purposes. The 47th section of the article of the revised statutes relative to uses and trusts, declared that every person who, by virtue of any grant, assignment, or devise, then was or thereafter should be entitled to the actual possession of lands, and the receipt of the rents and profits thereof, in law or in equity, should be deemed to have a legal estate therein of the same quality and duration, and subject to the same conditions, as his beneficial interest. (1 *R. S.* 727.) This is clearly a case of that kind, upon the supposition that the language of this deed is sufficient to identify or ascertain the persons who were intended to take the beneficial interest in the premises under this conveyance; which I think it is. For the persons intended appear to be rendered certain by the facts stated in the bill; facts which show that those who were interested in the premises previous to the sale thereof by the commissioners of loans were the nine children and heirs of J. Holmes, deceased. (*See* 4 *Bac. Abr. Grant, C.*)

But even if the persons intended to be beneficially interested in the deed are not so described as to transfer the legal title to them, under the forty-seventh section of the article of the revised statutes before referred to, still this defendant could take no beneficial or legal interest in the premises under that deed. For it is apparent from the deed itself that the property was intended to be conveyed to him as a trustee for others, and not for his own benefit. And by the forty-ninth section of the same article no estate whatever vests in the nominal grantee in such a case.

As the legal title to the lots in question is not in the defendant, the complainants are not entitled to a decree directing him to convey one undivided ninth thereof to them. The proper course therefore is to dismiss their bill, without costs, and without prejudice to their right, in any future litigation in relation to the premises in question, either at law or in equity.