ERNST G. W. WOERZ, Respondent, *v.* RICHARD RADEMACHER, Appellant.

To sustain a grant, as creating an express trust, under the provision of the Revised Statutes (1 R. S. 728, § 55) authorizing the creation of an express trust to sell lands for the benefit of creditors, it must appear that this was the primary or sole purpose of the grant, and the duty of the grantee to sell for the benefit of the creditors must be imperative.

The provisions of the Revised Statutes (1 R. S. 728, § 51) which declares that "where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as alienee," has no application where the trust is expressly reserved in and by the grant, or is declared by another instrument, thus relieving it from the effect of a secret trust.

The A. S. S. Bank, at the time it became insolvent and its assets passed into the hands of a receiver, was the beneficial owner of certain lands. T., the receiver, brought actions against plaintiff and ten others, who, with him, were the trustees of said bank, to charge them with

waste and impairment of its funds. By way of compromise, plaintiff and his associates entered into a contract with T., by which they agreed to pay thirty-five per cent of the liabilities of the bank, he to assign to them, or to one they should designate, the property of the bank, they agreeing to sell the property, and, after reimbursing themselves, to pay the surplus, if any, to T. In pursuance of the agreement T. conveyed the property, including said lands, to plaintiff, the grant reciting the agreement and that the trustees had performed and had designated plaintiff as the one to take the conveyance. Plaintiff executed an instrument under seal, which, after reciting that T. had, in pursuance of the contract, made the conveyance, stated that it "was made for the joint benefit and advantage" of plaintiff and the other trustees, and that they, and each of them, were equally interested with him in the benefits to be derived therefrom, and equally liable for all costs, expenses and liabilities. Plaintiff entered into a contract with defendant, in which the former was named as trustee, and by which he agreed to convey the said lands to defendant in exchange for certain lands which defendant agreed to convey to him. In an action to compel a specific performance of the contract, *held*, that the deed to plaintiff did not create an express trust; that under it plaintiff only took title to an undivided part of the land conveyed, the title vesting in the beneficiaries of the conveyance without reference to the party taking it nominally as grantee (1 R. S. 727, § 47; Id. 728, § 49); that as the conveyance was made to one designated by the beneficiaries, it might be deemed to have created a power in trust (1 R. S. 729, § 58), but that the conveyance which plaintiff, under his contract with defendant, agreed to make, was not within the power; that it could only lawfully be executed by a sale and disposition of the proceeds as directed, not by an exchange for other real estate; that the creditors represented by the receiver have an interest as well as plaintiff's associates, and may challenge his action; and that, therefore, plaintiff's deed would not convey a clear title, and defendant was justified in refusing to accept it.

(Argued March 4, 1890; decided March 21, 1890.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 15, 1886, which affirmed a judgment in favor of the plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently stated in the opinion.

*Hector M. Hitchings* for appellant. An action for specific performance cannot be maintained, when at the time the con-

tract is to be performed there are existing liens or encumbrances on the premises to be conveyed; which are not provided for in the contract. (*Reeder* v. *Schneider*, 1 Hun, 121 ; *Hinckley* v. *Smith*, 51 N. Y. 21 ; *Bigler* v. *Morgan*, 77 id. 312; Gerard on Real Est. [3d ed.] 493, 494.) Specific performance of a contract of sale or exchange will not be compelled where there is a reasonable chance for some person to raise a question against the title of the vendee and to cause litigation thereon. (*B. P. Comrs.* v. *Armstrong*, 45 N. Y. 235, 248; *Moore* v. *Appleby*, 108 id. 237, 241; *Jordan* v. *Poillon*, 77 id. 518; *Bigler* v. *Morgan*, Id. 312–318 ; 2 Story's Eq. Jur. §§ 749, 750; *LaGrange* v. *L'Amoureux*, 1 Barb. Ch. 18; *Ring* v. *McCoun*, 10 N. Y. 268, 271; *Adams* v. *Perry*, 43 id. 487; *Selden* v. *Vermilyea*, 3 id. 535; 4 R. S. chap. 1, art. 2, §§ 47, 49, 55 ; *Wells* v. *Smith*, 30 N. Y. 344; *Gates* v. *Andrews*, 37 id. 657 ; *Klumph* v. *Gardner*, 114 id. 157; *Blood* v. *Goodrich*, 9 Wend. 68; *Mumford* v. *McKay*, 8 id. 442; *Gorham* v. *Luddington*, 19 Hun, 251 ; *Knolls* v. *Barnhardt*, 71 N. Y. 480; *Menagh* v. *Whitwell*, 52 id. 168; *Withans* v. *Schack*, 105 id. 332.) The plaintiff cannot bring or maintain this action as an individual. (Code, § 449; *Kingsland* v. *Stokes*, 25 Hun, 109; *Freeman* v. *F. F. Ins. Co.*, 14 Abb. Pr. 398; *Moore* v. *McKibben*, 33 Barb. 247; *Merritt* v. *Seaman*, 6 N. Y. 168, 172; *Sheldon* v. *Hoy*, 11 How. Pr. 11; *Worden* v. *Worthington*, 2 Barb. 368; *Root* v. *Price*, 22 How. Pr. 372; *O. Bank* v. *Van Rensselaer*, 6 Hill, 240.)

*Samuel Untermyer* for respondent. It was the plain intention of the trustees, as evidenced by the agreement of August, 1876, and by the subsequent recitals in the deeds of conveyance from the receiver and from Schumacher, to vest the legal title to the property in the plaintiff. The declaration, even if valid under our statute of uses and trusts, created no interest in the land, but merely an interest in the proceeds. (*N. Y. D. D. Co.* v. *Stillman*, 30 N. Y. 174.) The title to the land in question having been vested in the plaintiff with the knowl-

edge and consent of the other parties paying the consideration, there is no resulting trust in the land; and since the instrument called "declaration of trust" does not create any one of the four express trusts allowed by our statutes, it creates no interest in the land itself. (*Garfield* v. *Hatmaker*, 15 N. Y. 475; *Hurst* v. *Harper*, 14 Hun, 280; *Dillay* v. *Greenough*, 45 N. Y. 438; *Brewster* v. *Power*, 10 Paige, 562; *Cook* v. *Barr*, 44 N. Y. 156.) The trust created by the conveyance to the plaintiff is one of the express trusts authorized by the statute, and the legal title became vested in the trustees to whom the property was conveyed. The "declaration" only confirms the intention and object of the conveyance to the plaintiff. (*R. W. Co.* v. *Fielding*, 101 N. Y. 504.)

BRADLEY, J. The action was brought for specific performance of a contract of April 4, 1884, made by the plaintiff, named as trustee, with the defendant, by which he agreed to convey certain land in the city of Brooklyn in exchange for land in that city to be conveyed to him by the defendant. The defendant alleged that the plaintiff was unable to give a marketable title to the premises which he undertook to convey. Prior to July 12, 1878, the Abingdon Square Savings Bank was the beneficial owner of the land, although the title was nominally in another. On that day Frank Thompson, the receiver of the bank, made to the plaintiff a deed of conveyance, which referred to an agreement of December 12, 1877, and recited that the receiver entered into it with the plaintiff and ten other persons (naming them), former trustees of the bank, and by it undertook, on performance by them of the covenants on their part therein mentioned, to transfer and convey to them, or to anyone designated in writing by a majority of them, the remaining assets and property of the bank; and that they had so performed and designated the plaintiff as the party to whom the transfer and conveyance should be made; and then proceeded in terms to convey the premises in question with other property to him. Three days thereafter the plaintiff, by an instrument in writing under seal, after reciting that

the receiver had pursuant to the contract made such deed, proceeded to state that the conveyance "was made for the joint benefit and advantage of" himself and such ten other persons (naming them); and added "that they are, and each of them is, equally interested with myself in all benefits and advantages to be derived therefrom, and are equally liable with myself for all costs, expenses and liabilities attending or in any way connected with the same."

The plaintiff and his ten associates had been trustees of the bank, and actions had been brought against them by the receiver to charge them with liability for alleged waste or impairment of its fund, and by way of adjustment of the subject-matter of those actions the contract of December 12, 1877, was made between him and them, by which they undertook to pay thirty-five per cent of the amount of the liabilities of the bank, and the receiver agreed thereupon to assign and convey the property of the bank to them or to such one as they or a majority of them should designate. It also provided that they should sell the property, and out of the proceeds reimburse themselves for the amount paid to the receiver and pay to him the surplus, if any, remaining. The plaintiff's associates with him were beneficiaries of the conveyance, and made so by the terms of the instruments by which it was made and characterized. And unless it came within the provisions of the statute defining express trusts (1 R. S. 728, § 55), the plaintiff took title to only an undivided part of the land so conveyed. It was urged that it came within the provision of that section authorizing the creation of a trust to sell lands for the benefit of creditors. It cannot be so treated, because that was not the primary or sole purpose of the grant. The plaintiff and his associates had assumed an obligation to pay a certain amount which they paid, and the deed was made to him to enable them first to repay themselves as provided by the contract pursuant to which the obligation was assumed and the conveyance made, then as to some, at least, of the land conveyed by the deed those parties were at liberty to take at an estimated value and retain it to their own use. The creation

of a trust for the purpose before mentioned, requires that the duty of the grantee to sell for the benefit of creditors be imperative. (*Cook* v. *Platte*, 98 N. Y. 35 ; *Chamberlain* v. *Taylor*, 105 id. 185.) The grant was not within subdivision two or any other provision of that section, and, therefore, created no express trust. The purpose of the deed was declared by the prior contract referred to in it, as well as by the subsequent instrument made by the plaintiff. Those parties were beneficiaries of the grant, and the title with all the right of property taken by it was for their benefit, amongst which was the right to the possession and rents and profits of the land. It, therefore, seems to be within the statute which provides that in such case title vests in the beneficiaries of the conveyance without reference to the party taking it nominally as grantee (1 R. S. 727, § 47 ; Id. 728, § 49) ; and that the plaintiff and his associates took the title to the premises. But it is urged that as between those parties title was vested in the plaintiff by force of the statute, which provides that " where a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made, but the title shall vest in the person named as alienee in such conveyance, subject only to the provision " of the next succeeding section reserving the rights of creditors of the person paying the consideration. (1 R. S. 728, § 51.) The purpose of that statute was to abrogate the common-law doctrine of resultance by legal implication of a trust in favor of the party paying the consideration, and it has no application to a case where the trust is expressly reserved by the instrument making the grant, or declared by another instrument relieving it from the effect of a secret trust. The resulting trust which was within the denunciation of this statute, was dependent upon the payment of the consideration before the execution of the conveyance. (*Botsford* v. *Burr*, 2 Johns. Ch. 405 ;' *Steere* v. *Steere*, 5 id. 1; *Jackson* v. *Moore*, 6 Cow. 706 ; *Niver* v. *Crane*, 98 N. Y. 40.)

Inasmuch as all the beneficiaries joined in the contract,

which provided that the conveyance be made to such one as a majority of them should designate to take it, and as it was made pursuant to such designation, the conveyance to the plaintiff may be deemed to have created a power in trust within the provision of the statute that "Where an express trust shall be created for any purpose not" therein before enumerated, "no estate shall vest in the trustees; but the trust if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions in relation to such powers contained" in the third article of the same title of the Revised Statutes on that subject. (1 R. S. 729, § 58.) It is, however, suggested that the provisions relating to powers are so qualified that a power cannot be created unless the party granting it might himself lawfully perform it (Id. 732, § 74) ; and that the receiver who made the grant had no authority to execute the power which was contemplated and sought to be created by the grant to the plaintiff. Whatever force that view may have had if it depended solely upon the deed of the receiver, the fact that all the plaintiff's associates beneficially interested with him in the grant and the execution of the power, united in the contract and direction pursuant to which it was granted to him, was sufficient to make it effectual for the purposes of the execution of the power by the plaintiff. But the further question arises whether the conveyance which the plaintiff by his contract with the defendant undertook to make and the deed he sought to execute in performance of it, came within the power with which he was vested. It may be observed that the trust conferred upon him was to sell the property conveyed to him by the receiver, and with the proceeds reimburse himself and his associates the amount by them paid in performance of the contract, and to pay over the surplus, if any, remaining to the receiver for the benefit of the creditors of the bank. The power could lawfully be executed for the accomplishment of that purpose only ; and any substantial departure from the manner of its execution requisite to effectuate the design of

the creation of the trust is not lawfully within it. (*Allen* v. *De Witt*, 3 N. Y. 276 ; *Ives* v. *Davenport*, 3 Hill, 373.)

It was contemplated that by the execution of the power a fund would be produced for and applied to the purposes specified. But the performance of the contract between the plaintiff and the defendant, would result in the substitution of other real estate for that subjected to the power conferred upon him by the grant from which it was derived. It is difficult to see how a conveyance for such purpose can be treated as within the apparent purpose of the power taken by the plaintiff. It does not appear that the creditors represented by the receiver may not, as well as the plaintiff and his associates, have an interest in the execution of the trust and the right to challenge it by controverting the power as not lawfully within it and its purpose. Those of the plaintiff's associates who consented to the conveyance or directed that it be made to the defendant could not question it, and the same may be said of those of them who paid nothing, unless they might become liable to contribution in behalf of those who did pay, in the event that the proceeds of the property should be insufficient to fully reimburse them. It must be assumed that one, at least, of those parties who paid something, does not appear to have approved of the contract with the defendant or its performance by the plaintiff.

For these reasons the defendant was justified in declining to accept the deed, which the plaintiff offered to execute and deliver as performance on his part of the contract between them.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except HAIGHT, J., not voting.

Judgment reversed.