Elizabeth E. Hutchins, as Executrix, etc., Respondent, v. Abraham Van Vechten, Appellant.

Under the provision of the Statute of Frauds (2 R. S. 135, § 7), as amended in 1860 (Chap. 322, Laws of 1860), providing that a declaration of trust in lands may be proved by any writing subscribed by the party declaring the same, it is not necessary to produce a deed or formal writing in order to prove such a trust, but letters or informal memoranda, signed by the party, are sufficient if they show the nature, character and extent of the trust interest.

In an action for an accounting, etc., wherein plaintiff claimed that defendant, under and by a deed to him of certain lands, became seized and has held an undivided one-half thereof, in trust for H., plaintiff's testator, plaintiff produced a power of attorney executed by defendant to P., authorizing him to sell the land, referring to the deed under which he held title, and giving its date and the parties thereto, and a letter written and signed by defendant, addressed to P., referring to the power of attorney, and stating that whatever was realized on the sale belonged to H. and defendant " jointly and equally; " also a paper unsigned, but in defendant's handwriting, which, after describing the land, contained this statement: " The above is a description of the property as contained in the deed to me; nothing about our being entitled to 600 inches." Plaintiff also produced letters written by defendant, after the execution of the power of attorney, to H. and a son of his in regard to taxes on the land; also a letter to one then a tenant of part of the land, in which defendant stated, that although the title to the whole property was in him, there was another party who had an interest. *Held,* that the proof was sufficient to authorize a finding that defendant took and held the land in trust for the benefit of himself and H. in equal shares as tenants in common; that the trust entitled H. in equity to a beneficial interest, and vested in him an estate of the same quality and duration as such interest (1 R. S. 727, § 47); and so, that plaintiff was entitled to the relief sought.

Reported below, 66 Hun, 69.

(Argued October 19, 1893; decided November 28, 1893.)

Appeal from so much of an order of the General Term of the Supreme Court in the first judicial department, made November 18, 1892, as denied a motion for a new trial by defendant, on appeal from an interlocutory judgment, under section 1001 of the Code of Civil Procedure.

This action was brought to have defendant adjudged as holding certain real estate in trust for the joint benefit of himself

and Waldo Hutchins, plaintiff's testatrix, and to require him to account for the rents, issues and profits of said premises, and pay over the amount adjudged to be due plaintiff.

The facts, so far as material, are stated in the opinion.

*Matthew Hale* for appellant. The plaintiff can only recover *secundum allegata et probata.* There being an entire failure to make out the cause of action alleged in the complaint, the judgment should be reversed. (*Southwick* v. *F. N. Bank,* 61 How. Pr. 170; 84 N. Y. 420; *Romeyn* v. *Sickles,* 108 id. 650, 652; *Day* v. *Town of New Lots,* 107 id. 148, 154; *Reed* v. *McConnell,* 133 id. 425, 434.) No trust in favor of the plaintiff's testator was established by the evidence. (*Botsford* v. *Burr,* 2 Johns. Ch. 405; *Niver* v. *Crane,* 98 N. Y. 40; Godefroi on Trusts [2d ed.], 56, 57; *Forster* v. *Hale,* 3 Ves. 696, 707; *Smith* v. *Matthews,* 3 DeG., F. & J. 139, 152; *Cook* v. *Barr,* 44 N. Y. 156; *Dyer's Appeal,* 107 Penn. St. 446; *Blodgett* v. *Hildreth,* 103 Mass. 484, 486; *Young* v. *Young,* 80 N. Y. 422; *Crouse* v. *Frothingham,* 97 id. 105; *Beaver* v. *Beaver,* 117 id. 421.) The court erred in refusing to find the findings proposed by defendant, relating to absence of consideration. (*Day* v. *Roth,* 18 N. Y. 448.) The court erred in admitting in evidence a paper objected to " as a paper without date and without signature, and as immaterial and incompetent for any purpose, not being valid either as a conveyance, or as a declaration of trust, not being signed or subscribed, and as in no way being competent evidence against the defendant." (*Cook* v. *Barr,* 44 N. Y. 160.)

*Augustus S. Hutchins* and *Charles N. Morgan* for respondent. The letter of the defendant to John H. Platt, dated June 5, 1873, read in connection with the power of attorney to which it refers, and the description of the premises in the handwriting of the defendant, accompanying the same identifying the property, is a sufficient writing within the provisions of sections 6 and 7 of title 1 of chapter 7 of the Revised Statutes, to prove and establish the trust upon which the

defendant took and held the premises in question, that is to say, that he so took and held them in trust for himself and Waldo Hutchins, equally and jointly. (Laws of 1860, chap. 322; *Wright* v. *Douglass*, 7 N. Y. 564; *Forster* v. *Hale*, 3 Ves. Jr. 696; *Fisher* v. *Fields*, 10 Johns. 494; *Cook* v. *Barr*, 44 id. 156; *Loring* v. *Palmer*, 118 U. S. 321; 2 Story's Eq. Juris. 972; 4 Kent's Comm. 305; 1 Greenl. on Ev. 266; Perry on Trusts, 82; *Phippard* v. *Phippard*, 55 Hun, 433; *McArthur* v. *Gordon*, 51 id. 511; 126 N. Y. 597; *Urann* v. *Coates*, 109 Mass. 581; *Hastings* v. *Cave*, L. R. [7 Q. B. Div.] 127.) The letter of the defendant, dated June 5, 1873, addressed to John H. Platt, the power of attorney, the description of the property in the handwriting of the defendant, and the other letters of the defendant, offered in evidence by the plaintiff, and especially the letter of February 14, 1887, should be read together, and when so read clearly prove and establish that Waldo Hutchins had an interest in the property in question, and that such interest was an undivided one-half part thereof. (Perry on Trusts, 82; *Forster* v. *Hale*, 3 Ves. 696.) That the interest of Waldo Hutchins in the property was an equal one-half part thereof is fully proved and established by the written evidence and the subsequent conduct of the defendant; that such was the extent of such interest would, moreover, be a presumption of law. (*Loring* v. *Palmer*, 118 U. S. 341.)

O'BRIEN, J.   The judgment in favor of the plaintiff in the courts below adjudges that the defendant, under a deed of conveyance to him by Reuben E. Fenton on the 23d day of December, 1870, of certain lands in the county of Chautauqua, then became and was, and ever since has been, seized and possessed thereof, and of the proceeds, rents, issues and profits, in trust for Waldo Hutchins, the plaintiff's testator, to the extent of an equal undivided one-half part thereof as tenants in common.   It appearing that the defendant, before the commencement of the action, had sold the land, the title to which he held in his own name, an accounting concerning the proceeds

and the rents and profits was directed before a referee desig-
nated in the judgment.  There is little, if any, dispute with
reference to the facts, and practically the only question pre-
sented by the appeal is whether the trust impressed by force
of the judgment upon the defendant's title was sufficiently and
legally established.  The defendant relies upon the provisions
of the Statute of Frauds concerning trusts of this character,
and it, therefore, becomes necessary to determine whether the
plaintiff's proofs are such as that statute requires.  The Eng-
lish statute on this subject (29 Car. II, chap. 3) in its essential
features was enacted in this state by the act of February 26,
1787, the twelfth section of which provides that "all declara-
tions or creations of trusts of any lands shall be manifested
and proved by some writing signed by the party entitled by
law to declare the trust."  Thus the law stood for about forty
years until the general revision of the statutes, when it was
changed and made to read as follows :   "No estate or interest
in lands, other than  leases for a term not to exceed one year,
nor any trust or power over or concerning lands, or in any
manner relating thereto, shall hereafter be created, granted,
assigned, surrendered or declared, unless by act or operation
of law, or by a deed or conveyance in writing subscribed by
the party creating, granting, assigning, surrendering or declar-
ing the same, or by his lawful agent thereunto authorized by
writing."  (2 R. S. 135, § 6.)  After the revision a trust of
the character claimed by the plaintiff in this case could not be
created or established except by a *deed or conveyance* in writ-
ing.  But by chapter 322 of the Laws of 1860 the legislature
restored the law to its original condition by an amendment to
the seventh section, substantially providing that a declaration
of trust in lands might be proved by any writing subscribed
by the party declaring the same.  It is not necessary now to
produce a deed or a formal writing intended for the purpose
in order to prove the trust, but letters or informal memoranda
signed by the party, and even admissions in a pleading in
another action between other parties, if signed by the party
with knowledge of its contents, will satisfy the requirements

of the statute, if they contain enough to show the nature, character and extent of the trust interest. (*Forster* v. *Hale*, 3 Vesey Jr. 696; *Fisher* v. *Fields*, 10 Johns. 494; *Wright* v. *Douglass*, 7 N. Y. 564; *Cook* v. *Barr*, 44 id. 156; *Loring* v. *Palmer*, 118 U. S. 321; 2 Story Eq. Jur. § 972; *McArthur* v. *Gordon*, 126 N. Y. 597; *Urann* v. *Coates*, 109 Mass. 581.)

The evidence produced in behalf of the plaintiff was sufficient within this rule to establish an interest in the lands by her testator at the time of his death, which occurred on the 9th day of February, 1891. The conveyance to the defendant was shown by the production of the deed, which appeared to have been recorded in the proper clerk's office December 3, 1875. The plaintiff produced and put in evidence three papers found in an envelope in the safe of Mr. Hutchins after his death, and which were shown to have been in his possession during his life. (1) A power of attorney under the hand and seal of the defendant to John H. Platt, who was, at the time of its execution, the law partner of the deceased, bearing date June 5, 1873, acknowledged before a notary public in the city of New York, who also became a subscribing witness thereto. This instrument authorized and conferred full power upon Platt to sell the land for $8,000, payment to be made in the manner and as specified therein. (2) A letter in the defendant's handwriting and bearing his signature, of the same date as the power of attorney, addressed to Platt, in which, after referring to the power of attorney and giving instructions permitting him to take certain notes for the purchase price of the land, the defendant says: " Whatever is realized you will understand that it belongs to Waldo Hutchins and myself, jointly and equally, and any further instructions Mr. Hutchins may give you you may comply with." (3) Another paper, unsigned, but wholly in the defendant's handwriting, describing the land conveyed to him by Fenton. It begins with the statement that the " deed from Fenton to me is a warranty deed with full covenants." And after the description ends with the statement that " the above is the description of the

property as contained in a deed to me; nothing about our being entitled to 600 inches."

The plaintiff also produced several letters written by the defendant to the deceased and one of his sons, after the execution of the power of attorney, in regard to taxes on the land. Also a letter written by the defendant to E. H. Fenton, then a tenant of a portion of the land, bearing date February 14, 1887, in which the defendant states that " Although the title of the whole property is in me, there is another party who has an interest. I expect to go to New York sometime next week, when I will see him and let you know what it is decided to do." It is not necessary to the plaintiff's case to show that the trust was created by or originated in a writing. The statute enacts a rule of evidence and is satisfied if the trust is *manifested or proved* by a writing, however it originated, whether by parol arrangement or otherwise. (*Crane v. Powell*, 139 N. Y. 379.) The defendant's letter to Platt refers to the power of attorney, and that refers to the deed under which the title was held, giving its date and the parties to it. Both are signed by the defendant, and, reading them together as they should be, the subject-matter and extent of the trust is sufficiently defined and specified, even without the unsigned paper and other letters. This proof is sufficient to sustain the findings of the learned trial judge, to the effect that the defendant took and held the title to the land in his own name, but in trust for the benefit of himself and the plaintiff's testator, in equal shares as tenants in common. It was not, of course, one of the express trusts authorized by statute, but one arising under the forty-seventh section, which in equity entitled the deceased to a beneficial interest, and vested in him an estate of the same quality and duration as such interest. (*Ellwood* v. *Northrup*, 106 N. Y. 172–9.)

We agree with the learned counsel for the defendant that a trust cannot be impressed upon what appears by the deed alone to be an absolute title in the defendant, without clear proof showing a beneficial interest in another as well as its nature, character and extent, and that a failure to execute or deliver

the necessary legal evidence to qualify the title is fatal to such a claim. (*Wadd* v. *Hazelton*, 137 N. Y. 215; *Van Cott* v. *Prentice*, 104 id. 45.)

With this point clearly in view we have carefully considered the very able argument of counsel in behalf of the defendant mainly devoted to the proposition that the proof in this case does not come up to the standard which the law demands in such cases. But we think that the written evidence produced at the trial is not fairly open to any construction except that given to it by the learned trial judge and is consistent only with the theory that the deceased had in fact a beneficial interest in the lands. The defendant stated under his own signature, when authorizing his attorney in fact to sell the property, that he was entitled to one-half the price and directed the attorney to consult with him in regard to the execution of the agency. There is nothing in the case to warrant the belief that this division of the proceeds of the sale, when made, referred to compensation as a broker or to anything else save an interest in the property to be sold. That is the natural conclusion which the judicial mind must reach upon reading the letters and papers in the light of all the circumstances. The trust, it is true, must be established wholly by a writing, sufficient within the statute, but when the writing is produced it must be interpreted, like all other contracts and written instruments, according to the intention of the parties ascertained from the language used and all the surrounding circumstances. The fact that no proof was given by the plaintiff of payment by the testator of any part of the consideration is not material. It is not always possible after the death of the party interested to give such proof, and it is not essential to the process of establishing the trust. A writing without expressing any consideration whatever affords sufficient proof that the title conveyed by the deed is for the benefit of another.

The unsigned paper and the letters of the defendant bearing date subsequent to the power of attorney, and the letter which accompanied it, relating to the taxes on the land

and the nature of the defendant's interest therein, were properly admitted in evidence. They were all in the defendant's handwriting, presumptively sent or delivered by him to the deceased, and they explained and tended to confirm what the defendant had stated in the first letter in regard to the interests of the parties in the land.

There are some other exceptions in the record, but it is not necessary to refer to them in detail. It is sufficient to say that we have examined them all and have found nothing in them that would warrant us in disturbing the judgment, and it should, therefore, be affirmed with costs.

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.