HERMAN WENDT, Plaintiff, v. WILLIAM WALSH et al.,
Defendants.

WILLAM S. WILSON and JOSEPH MARREN, Appellants; MARY
F. O'GRADY and THOMAS A. WILSON, Respondents.

1. ABOLITION OF NAKED TRUST IN REAL PROPERTY BY REAL PROPERTY
LAW. The grantee in a deed of absolute conveyance of real property, who
executes a contemporaneous declaration of trust in favor of a third person,
his heirs, administrators and assigns, declaring that he holds the property
in trust for such person for his proper support and maintenance, the rents
and profits to be paid to him, and promising upon his demand or that of
his heirs, executors, administrators or assigns, to convey the premises to
him or them by a good quitclaim deed warranting against all claiming
under him (the person declaring the trust), takes a mere naked trust which
is abolished by the Real Property Law (L. 1896, ch. 547, §§ 72, 73, 129);
and as trustee no legal or equitable estate vests in him, but the fee vests in
the person in whose favor the trust is declared.

2. APPEAL — MODIFICATION OF DECREE DISTRIBUTING SURPLUS IN FORE-
CLOSURE PROCEEDINGS. The Court of Appeals may, upon appeal from
an order of the Appellate Division reversing an order of the Special Term
which confirmed the report of a referee in proceedings to distribute the
surplus arising upon the foreclosure of a mortgage, modify the order by
directing the payment first out of the surplus of an unpaid judgment, with
interest thereon, against a decedent in whose favor a trust had been declared
by a grantee of the premises, but who by virtue of sections 72, 73 and 129
of the Real Property Law took the fee, the mere naked trust being abolished

by the statute, although the referee's findings of fact did not include the claim preferred by the judgment creditor, owing to the fact that the referee held that the decedent never had title to the property, and although the order of the Appellate Division distributed the surplus among the children of the decedent, ignoring the judgment creditor's claim.

*Wendt* v. *Walsh*, 49 App. Div. 184, modified.

(Argued June 7, 1900; decided October 2, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made March 9, 1900, reversing an order of Special Term confirming the report of a referee in surplus money proceedings.

The facts, so far as material, are stated in the opinion.

*J. Wilson Bryant* for William S. Wilson, appellant. The deed to Bock has been conclusively shown to have been one of trust only, and the declaration was a valid one to the extent of and during the life of William A. Wilson. ( *Van Cott* v. *Prentice*, 35 Hun, 317; *McArthur* v. *Gordon*, 126 N. Y. 597; *Hopkins* v. *Kent*, 145 N. Y. 363; *Roberts* v. *Cary*, 84 Hun, 328; *Matter of Tienken*, 131 N. Y. 391; *Tobias* v. *Ketchum*, 32 N. Y. 327; *Wright* v. *Douglass*, 7 N. Y. 564.) The trust created was only valid, and intended as a trust for the support and maintenance of William A. Wilson, and at his death it reverted and continued to remain in William S. Wilson, who has not disposed of the fee in the premises in question, and is, therefore, entitled to the whole of said surplus moneys in this proceeding. ( *N. Y. D. D. Co.* v. *Stillman*, 30 N. Y. 174; *Downing* v. *Marshall*, 23 N. Y. 366; *Jackson* v. *Robbins*, 16 Johns. 537; *Green* v. *Green*, 125 N. Y. 510; *Locke* v. *F. L. & T. Co.*, 140 N. Y. 135; *Vernon* v. *Vernon*, 53 N. Y. 351; *Nearpass* v. *Newman*, 106 N. Y. 47.) The claim of the alleged creditor, Joseph Marren, should be disallowed on the ground that he has not shown himself entitled to a lien on the surplus moneys or the property in question and that the same was never charged with the lien of the judgment. ( *F. Nat. Bank* v. *Hamilton*, 149 N. Y. 587; *Kane* v. *Larkin*, 131 N. Y. 300.)

*John H. Rogan* and *James Kearney* for Joseph Marren, appellant. A person who has purchased and paid for land, or who for any reason is entitled to a deed, is the owner, although no deed has been given, and a judgment against the party having only a record or legal title would not attach as a lien. (*Ellis* v. *Tousey*, 1 Paige, 280; *Dwight* v. *Newell*, 3 N. Y. 185; *Siemon* v. *Schurck*, 29 N. Y. 598; *Moyer* v. *Hinman*, 13 N. Y. 191; *Lounsbury* v. *Purdy*, 11 Barb. 480.) William A. Wilson in his lifetime and his heirs after his death were the owners of the property in question and entitled to a deed. (*La Grange* v. *L'Amoureaux*, 1 Barb. Ch. 18; *Rawson* v. *Lampman*, 5 N. Y. 460; *Wright* v. *Douglass*, 7 N. Y. 564.) It is the duty of the court to provide for the equitable distribution of surplus moneys. (*M. L. Ins. Co.* v. *Bowen*, 47 Barb. 622; *Livingston* v. *Mildrum*, 19 N. Y. 440; *Culver* v. *Wright*, 22 N. Y. 472; *Sherman* v. *Jenkins*, 70 Hun, 503.)

*John C. Shaw* for respondents. The appellant William S. Wilson had no estate, either legal, equitable or reversionary, in the property out of which the surplus fund arose after his agreement of settlement with his father, dated February 3, 1897. (*La Grange* v. *L'Amoureaux*, 1 Barb. Ch. 18; *Purdy* v. *Wright*, 44 Hun, 239; *Weeks* v. *Cornwell*, 104 N. Y. 325; *Welsh* v. *Allen*, 21 Wend. 147; *Ring* v. *McCoun*, 10 N. Y. 268; *Van Dusen* v. *Presb. Congregation*, 3 Keyes, 550; *Rawson* v. *Lampman*, 5 N. Y. 468.)

BARTLETT, J. This is an action to foreclose a mortgage upon real property in the city of New York. The mortgaged premises, with other lands, were conveyed to William S. Wilson either by Bridget Walsh or her heirs at law. William A. Wilson, the father of the grantee in these conveyances, brought suit against his son, claiming that all the property embraced in the deeds from Mrs. Walsh or her heirs was held by his son in trust for him.

An agreement was reached in that action before trial which

resulted in a compromise between the father and son, wherein the son covenanted " to convey and transfer to a trustee, to be hereafter selected by said William A. Wilson, by warranty deed the following property for the sole use and benefit of said William A. Wilson, the plaintiff." The property affected by this agreement embraced the mortgaged premises.

The son executed to his father on February 11th, 1897, a power of attorney, whereby he constituted and appointed the latter his true and lawful attorney, as follows : " For me and in my name, place and stead to enter into and take possession of all my real estate described as follows : " (the property affected embraced mortgaged premises), * * * " to sell and convey to any person or persons whomsoever, at such times and at such sums or prices and on such terms as to him shall seem fitting and proper."

Then follow provisions that authorized the father to execute good and sufficient deeds and contracts and instruments of any kind necessary to effect and perform his duties as attorney in fact ; also to lease the land or any part thereof prior to sale ; also to build upon said premises and do and perform all and every act and thing as fully as William S. Wilson might or could do. The power of attorney closed with the following language : " And further this is a continuing power, and it is irrevocable, unchangeable and unlimited and not subject to countermand or cancellation."

In pursuance of the agreement between father and son and under this power of attorney, the son on the 1st day of March, 1897, executed an absolute conveyance of the property to one Nicholas Bock, and the latter gave a declaration of trust, which after reciting the conveyance, provided as follows : " Now know ye all that I, the said Nicholas Bock, do hereby acknowledge, testify and declare that the name of me, the said grantee in the said indenture of even date herewith, is used only in trust for him, the said William A. Wilson, his heirs, administrators and assigns, and that I hold the same in trust for the said William A. Wilson for his proper support and maintenance, and the rents and profits thereof are to be

paid in equal monthly payments to said William A. Wilson, and I, my heirs and assigns, etc., shal¹ at all times hereafter, upon the request and demand of said William A. Wilson, or his heirs, executors, administrators or assigns, convey and assure unto him, the said William A. Wilson, his heirs and assigns, the premises mentioned, etc., by a good quit claim deed, warranting against all claiming under me the premises mentioned or any part or parcel thereof and bargained and sold to me by deed above mentioned, and all the interests therein that are so conveyed to me and any part thereof."

William A. Wilson, the father, died August 7th, 1898, leaving the title in this condition.

Final judgment in foreclosure was entered on the 19th day of January, 1899, and the sale resulted in a surplus of $2,052.57. In this proceeding there are four claimants of the surplus. William A: Wilson, deceased, the father, left him surviving three children, two sons, William S. and Thomas A., and a daughter, Mary F. O'Grady.

William S. Wilson claims the entire surplus; Thomas and Mary claim that William S. is only entitled to one third, and they should receive the other two-thirds.

Joseph Marren, a judgment creditor in the sum of $1,809.45, claims that he is entitled to have his judgment first satisfied out of the surplus moneys.

The referee appointed in this proceeding found that William S. Wilson, the son, was entitled to the entire surplus. The Special Term affirmed the order of the referee. The Appellate Division reversed the Special Term and decided that the three children of William A. Wilson, to wit, William S. Wilson, Thomas A. Wilson and Mary F. O'Grady were entitled to share the surplus equally.

The referee did not allude in his report to the claim of the judgment creditor, and the Appellate Division dealt with it in a manner to which reference will be made later.

The decision of the Appellate Division was not unanimous, Mr. Justice McLaughlin being of opinion that the judgment creditor had a first lien on the surplus moneys.

The first question presented is, where was the title to the mortgaged premises, in law, at the time of the death of William A. Wilson, the father.

The statutes bearing upon this situation read as follows, viz. : " Every person, who, by virtue of any grant, assignment or devise, is entitled both to the actual possession of real property, and to the receipt of the rents and profits thereof, in law · or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest." (Real Property Law [L. 1896, ch. 547], § 72; 1 R. S. page 727; 3 Birdseye's Stat. p. 2611, § 72. See, also, *La Grange* v. *L'Amoureux*, 1 Barb. Ch. 18; *Rawson* v. *Lampman*, 5 N. Y. 456; *Wright* v. *Douglass*, 7 N. Y. 564.)

Section 73 of the Real Property Law reads in part as follows: " Every disposition of real. property, whether by deed or by devise, shall be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to another for the use of, or in trust for, such person ; and if made to any person to the use of, or in trust for another, no estate or interest, legal or equitable, vests in the trustee. * * * " (3 Birdseye's R. S. p. 2611.)

Section 129 of the Real Property Law reads as follows: " Where an absolute power of disposition, not accompanied by a trust, is given to the owner of a particular estate for life or for years, such estate is changed into a fee absolute in respect to the rights of creditors, purchasers and encumbrancers, but subject to any future estates limited thereon, in case the power of absolute disposition is not executed, and the property is not sold for the satisfaction of debts." (3 Birdseye's Statutes, p. 2622.)

The legal situation on the undisputed evidence is this: William S. Wilson, the son, conveyed to Bock in supposed trust for William A. Wilson, the father, and Bock executed a declaration of trust which must be read into the deed. These instruments taken together show William A. Wilson, the father, entitled to the receipt of the rents and profits and to the absolute fee of the premises ; it follows that the fee is in

him under the statutes cited. Bock took a mere naked trust, which was abolished by the Revised Statutes, and as trustee no legal or equitable estate vested in him; no trust term was defined save at the pleasure of the beneficiary.

The father, William A. Wilson, having been vested with the fee of the mortgaged premises on March 1st, 1897, and dying seized of the same August 7th, 1898, it remains to consider the claim of Joseph Marren, the judgment creditor.

As before stated, the referee, upon whom was imposed the duty of ascertaining who were the proper claimants of the surplus moneys, failed to pass upon the claim of the judgment creditor, notwithstanding the fact that the latter had duly proved his judgment against the father, William A. Wilson, for $1,809.45, recovered November 29th, 1890, and that it had not been paid. The Special Term overruled all exceptions to the report of the referee and confirmed the same, thereby giving the surplus moneys to the son, William S. Wilson. The Appellate Division reversed this order of confirmation, denied the motion to confirm the report of the referee, and sustained the exceptions thereto filed by the respective appellants.

Among the exceptions thus sustained were those of the judgment creditor.

The Appellate Division then proceeded to determine for itself the mixed question of law and fact as to who were entitled to the surplus moneys and decided that the three children of the father, William A. Wilson, should share the same equally.

The judgment creditor has appealed from that order.

The notice filed by the judgment creditor, of his lien upon the surplus moneys, states that he claims " that the successive deeds or titles to the said mortgaged premises claimed or held by the defendants respectively   *   *   *   were and are and each of them is fraudulent and void as to the creditors of said judgment debtor, William A. Wilson.   *   *   *"

It was proved at the trial that the judgment creditor had begun a suit in equity to have these deeds and titles declared

fraudulent and void. The complaint in the suit and a demurrer thereto were read in evidence before the referee, but it was not proved that the case was ever tried.

The learned Appellate Division in its opinion referred to the fact that the judgment creditor claimed enough of the surplus moneys to pay his judgment, and that he alleged the ground of his claim to be that the conveyances on which the other defendants relied were fraudulent and void, and that the record did not show he had sustained this contention.

It is possible that the attorney for the judgment creditor alleged in the claim filed grounds for sustaining the same that were untenable and afterwards abandoned at the hearing before the referee; he seems to have finally rested upon his proof of the judgment and that it had not been paid.

The suggestion that the referee made findings of fact which did not include the judgment creditor's claim is of no importance, as the Appellate Division refused to confirm the report of the referee, reversed the order of the Special Term that did confirm it, and found that the three children of the father, William A. Wilson, were entitled to the surplus moneys.

It is furthermore apparent that the referee failed to make any reference to the judgment creditor's claim for the reason that he must have held that William S. Wilson, the son, had a reversionary interest in the property conveyed to Bock in trust for his father. That theory of the case proceeded on the assumption that the father never had title to the property and the judgment creditor of the latter was without standing in court.

It is difficult to understand how the children of William A. Wilson can take the surplus moneys, under the decision of the Appellate Division, in preference to a judgment creditor of their father who has proved his judgment and the fact it has not been paid. The judgment creditor duly excepted to the report of the referee; his exceptions were sustained, the report set aside, the motion to confirm it denied and the order confirming it reversed.

The Appellate Division then proceeded to make an order

21

disposing of the questions of fact and law without regard to the report of the referee, and the judgment creditor has appealed therefrom and stands here with his claim proved.

The order of the Appellate Division appealed from should be modified so as to direct the payment first of the judgment and interest of defendant Joseph Marren out of the surplus moneys, and the distribution of the balance, if any there be, equally among the three children of William A. Wilson, named in said order.

As so modified the order is affirmed, with costs to the appellant Joseph Marren against the defendants William S. Wilson, Thomas A. Wilson and Mary F. O'Grady.

PARKER, Ch. J., O'BRIEN, HAIGHT, VANN, LANDON and CULLEN, JJ., concur.

Ordered accordingly.