MINNIE B. BAUMANN, Plaintiff, *v.* JACOB MINAMON and Others, Defendants.

Supreme Court, Monroe County, September 11, 1928.

**Dower — action to establish — deceased husband conveyed property prior to marriage to avoid dower — husband retained full title and land was subject to wife's inchoate dower (Real Prop. Law, § 190).**

The plaintiff seeks to establish her dower in certain land owned by her husband, now deceased. A transfer of the land prior to marriage to a third person to hold as trustee to reconvey as he might be directed by the decedent did not take the title out of the decedent nor did it establish an express trust under section 96 of the Real Property Law. That being so, the plaintiff's inchoate right of dower attached to the property upon her marriage and she is entitled to dower rights not only in the part unsold but also in that part of the real estate which the decedent sold (Real Prop. Law, § 190).

ACTION to establish dower.

*Frederick S. Holbrook,* for the plaintiff.

*MacFarlane & Harris,* for the defendant Wanda G. Baumann.

*Charles B. Bechtold* in person, and for defendants Sumner, Spahn, Miller, Falleson and Minamon.

Rodenbeck, J. The deceased Baumann, just prior to his marriage, conveyed his real property to the defendant Bechtold under an agreement that the latter was to hold it as trustee to reconvey " to a corporation or to such other parties " as the deceased might desire. Under this arrangement, designed to prevent any dower attaching in favor of his prospective wife, he had not parted with the title to the property, but had merely placed it in the hands of defendant Bechtold to be disposed of as the former might direct. The defendant Bechtold did not have an absolute title but occupied the position of an agent to convey to whom the deceased directed. The latter had not divested himself of the property but remained seized after his marriage and dower would attach to it. It was not an express trust in which title would be vested in the trustee. (Real Prop. Law, § 96.) Even if a power in trust, the title would be in the beneficiary, which, in this case, is the deceased. (Id. § 99.) He so understood the transaction, since he devised what was left of the property at his death to his daughter by a former marriage. He died seized of an estate of inheritance of the portion unsold (Id. § 190), and his widow is entitled to a dower therein, and also in the portion sold, since he had not divested himself of the title before marriage. The defendant Bechtold may be compelled to reconvey by the executors, who represent the deceased, subject to the dower of the plaintiff.