STEWART FORSHAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 23847.   Promulgated August 11, 1930.

*Lawrence A. Baker, Esq.*, and *Henry Ravenel, Esq.*, for the petitioner.

*J. A. Lyons, Esq.*, and *E. A. Tonjes, Esq.*, for the respondent.

538

540

544

545

OPINION.

PHILLIPS: The question of the unconstitutionality of section 280 of the Revenue Act of 1926 has heretofore been urged, and we have held that where a transferee has elected to appeal to this Board he is precluded from questioning the validity of the statute. *Henry Cappellini et al.*, 14 B. T. A. 1269.

The Commissioner found the deficiency here in question against the A. T. Seventh Corporation, and has asserted the entire amount

against the petitioner as transferee of the assets of that corporation. The record establishes that upon the sale of the property known as 176 West 87th Street petitioner received as his share of the proceeds an amount in excess of the deficiency here in question. It follows that if 176 West 87th Street was the property of the A. T. Seventh Corporation, petitioner became liable at law or in equity for taxes due from the A. T. Seventh Corporation to the extent of the amount of its assets transferred to him. *Phillips* v. *Commissioner*, 42 Fed. (2d) 177.

The liability for taxes which may be asserted against a transferee under section 280 of the Revenue Act of 1926 is imposed by reason of his having received property belonging to the taxpayer, or for which he was liable for taxes with respect thereto. See *A. H. Graves*, 12 B. T. A. 124.

Petitioner contends that under the laws of New York the A. T. Seventh Corporation had neither legal nor equitable title to the property known as 176 West 87th Street, and, therefore, was not entitled to any income from said property nor to the proceeds from its sale, and was not liable for any taxes with respect thereto. It is admitted that the record title to this property was in the A. T. Seventh Corporation, but it is urged that the corporation was merely a "dummy" corporation, created for the purpose of holding title and that the equitable and legal title to the property in question vested in petitioner and his associates, who were entitled to all the rents and profits therefrom.

The record discloses that petitioner and his associates were builders. In 1916 they decided to build an apartment house on property located at 176 West 87th Street, New York City. An agreement was entered into between the parties, which we have included in our findings of fact. This agreement provided, among other things, that the property should be acquired and conveyed to a corporation which the parties would cause to be formed, subject to certain covenants and conditions therein recited. This agreement defined the distributable shares of petitioner and his associates in the net proceeds of the enterprise, arising either from operation or from the sale of the property, to be Robert Ferguson, one-third; William Ferguson, two-ninths; John B. Ferguson, two-ninths; Stewart Forshay (petitioner), two-ninths, and provided that the stock of the corporation should ultimately be held by them in the same proportions. A corporation known as the 176 West 87th Street Corporation was organized and the property located at 176 West 87th St. was conveyed to it. Thereafter until 1921 this corporation functioned as an ordinary business corporation; declared dividends and filed income and profits-tax returns. For the purpose of this proceeding it is not necessary to

determine the interest of the 176 West 87th Street Corporation in the property or whether it held as trustee or otherwise.

In 1921 petitioner and the Fergusons decided to change the plan of ownership of the property at 176 West 87th Street and on the advice of their attorney organized the A. T. Seventh Corporation to take title to the property. Prior to the transfer of the property, three of the four stockholders of 176 West 87th Street Corporation executed an authorization directing that corporation upon or before its dissolution to convey to A. T. Seventh Corporation the property known as 176 West 87th Street, "which grantee corporation will hold title to said premises for the benefit of all the stockholders of 176 W. 87th St. Corporation in proportion to their respective present stockholdings in the 176 West 87th Street Corporation."

Thereafter on July 1, 1921, the 176 West 87th Street Corporation conveyed the property to the A. T. Seventh Corporation. On July 6, 1921, the A. T. Seventh Corporation, by its board of directors, adopted a resolution accepting a conveyance of the premises to "hold the same for the benefit of Robert Ferguson, William Ferguson, John B. Ferguson and Stewart Forshay, such persons being all the stockholders of the said 176 West 87th St. Corporation, * * * in the following interests: Robert Ferguson, a three-ninth interest, William Ferguson, John B. Ferguson and Stewart Forshay each a ⅔ interest." In this resolution it was "further resolved that this corporation through its president issue and deliver to each of the persons for whom title to said premises has been taken, duly executed, certificate of interest or ownership showing the respective interest or ownership of such persons in the premises herein above mentioned." Thereafter the A. T. Seventh Corporation issued to petitioner and his three associates "certificates of interest or ownership" in which the corporation set out that it holds title "for the benefit of" the persons named. There is also incorporated in this instrument to which these persons are parties, provision for the distribution, from the earnings of the property, of certain fixed amounts annually to each of the four parties in interest, and the division among them of "all remaining earnings" and the "remaining net proceeds" upon sale after payment of the mortgage and certain specified debts, in the proportion of one-third to Robert Ferguson and two-ninths to each of his associates. Further, each holder of the certificate agreed with the A. T. Seventh Corporation "and with each of the other three," that he would "not institute or consent to the institution of any action or proceeding for the partition of said premises * * * without the consent of the other three parties."

## 548

Finally the certificate provided, and it was agreed by all the parties thereto:

That a sale of the premises may be made, and the said A. T. Seventh Corporation is authorized to sell, convey, lease, mortgage or otherwise deal with said premises, upon a written direction from three of said four parties. Each reference to a party herein shall be deemed to include his heirs, executors, administrators and assigns.

Where instruments relating to the same subject matter are simultaneously executed they are construed together and the general purpose as apparent from the whole will control. *Hutchens* v. *Van Vechten*, 140 N. Y. 115; 35 N. E. 446; *Woerz* v. *Rademacher*, 120 N. Y. 62; 23 N. E. 1113; *Wendt* v. *Walsh*, 164 N. Y. 154; 58 N. E. 2; *McGuire* v. *McGuire*, 193 N. Y. S. 772. Considering all the acts of the parties as evidenced by their covenants and agreements as limitations upon the instruments of conveyance, it is clearly evident the corporation did not take title on its own behalf or for its own benefit, but for the benefit of petitioner and the Fergusons. It held only the bare record title, coupled perhaps with a power to sell, convey, lease, mortgage, or otherwise deal with such property for their benefit only upon a written direction from a majority of them. After its organization the corporation did not participate in the active management and control of the apartment house; it held no directors' meetings, and declared no dividends, except for the single act of conveying the title after sale had been made by the parties who had the beneficial interest.

The real property law of New York, being chapter 50 of the Consolidated Laws, provides:

SEC. 91. Uses and trusts concerning real property, except as authorized and modified by this article, have been abolished; every estate or interest in real property is deemed a legal right, cognizable as such in the courts, except as otherwise prescribed in this chapter.

SEC. 92. Every person, who, by virtue of any grant, assignment, or devise, is entitled both to the actual possession of real property, and to the receipt of the rents and profits thereof, in law or equity, shall be deemed to have a legal estate therein, of the same quality and duration, and subject to the same conditions, as his beneficial interest; * * *

SEC. 93. Every disposition of real property, whether by deed or by devise, shall be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to another to the use of, or in trust for, such person; and if made to any person to the use of, or in trust for another, no estate or interest, legal or equitable, vests in the trustee.

SEC. 96. An express trust may be created for one or more of the following purposes:

1. To sell real property for the benefit of creditors;

2. To sell, mortgage or lease real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any charge thereon;

3. To receive the rents and profits of real property, and apply them to the use of any person, during the life of that person or for any shorter term, subject to the provisions of law relating thereto;

4. To receive the rents and profits of real property, and to accumulate the same for the purposes, and within the limits, prescribed by law.

SEC. 99. Where an express trust relating to real property is created for any purpose not specified in the preceding sections of this article, no estate shall vest in the trustees; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions of this chapter. Where a trust is valid as a power, the real property to which the trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust as a power.

Each class of trusts relating to real property enumerated by the statute provides for an active trust with specific duties to be performed by the trustee. A conveyance for a purpose not authorized by the statute to a mere passive holder of title, such as we have here, is not included. Whether the conveyance of the property here in question to the A. T. Seventh Corporation created a passive trust, a power in trust, or a mere agency is not material. In either case no estate or interest vested in the corporation, but the parties entitled to the beneficial interest took both the legal and equitable title as tenants in common. *McGuire* v. *McGuire, supra; Baumann* v. *Minamon*, 132 Misc. 891; 230 N. Y. S. 723; *Stanley* v. *Payne*, 119 N. Y. S. 570; *Bryant* v. *Shaw*, 180 N. Y. S. 301; *Hutchens* v. *Van Vechten, supra; Wendt* v. *Walsh, supra; Poppenhausen* v. *Poppenhausen*, 149 App. Div. (N. Y.) 307; *Woerz* v. *Rademacher, supra; Ranson* v. *Lampman*, 5 N. Y. 456; *Holden* v. *Burton*, 105 N. Y. 415; 11 N. E. 950; *In re England's Will*, 69 Misc. 523; 127 N. Y. S. 881. Both legal and equitable title being in the tenants in common, as said by the Supreme Court in *Tyler* v. *United States*, 281 U. S. 497: "These decisions establish a state rule of property by which, of course, this court is bound. *Warburton* v. *White*, 176 U. S. 486, 496." Any income from the property was properly that of petitioner and his cotenants, as was also the amount received upon the sale. Such amounts were properly reported as income by the individuals, rather than the corporation.

*Decision will be entered for the petitioner.*