James J. McGuire and Others, Respondents, *v.* John J. McGuire
and Anna McGuire, Appellants.

Second Department, April 17, 1922.

Trusts — action to have trust agreement and deed thereunder rescinded
and for partition and accounting — parties, before agreement was
entered into, were cotenants — defense that deed to defendant by
plaintiff was straight deed, not sustained — trust agreement partly
performed and cannot be set aside on ground of non-performance
and repudiation by defendant — agreement between cotenants to convey
to one who was to hold property as home for grantors not express trust
within Real Property Law, § 96 — said agreement valid as power in
trust — as grant did not reserve power to revoke, said power in trust
was irrevocable except for fraud or mutual mistake, which was not
shown — legal title remained in all cotenants — agreement was not
passive trust within Real Property Law, § 92 — plaintiffs entitled to
have property partitioned.

In an action to have a trust agreement and a deed given thereunder to the defendant
rescinded and canceled and to have the plaintiffs and the defendant adjudged
tenants in common and for partition and an accounting, the court was justified
in finding that two receipts which were offered in evidence by the defendant to
show that he had paid value to the other cotenants for the deed to him, were
bogus, and that the plaintiffs never received any consideration for the straight
deed given to the defendant under said trust agreement.

The parties to the action, who originally owned the property in question as coten-
ants, entered into an agreement whereby the property was to be conveyed to
the defendant who was to hold the same as a home for the grantors in the deed,
and the sole ground for setting aside the declaration of trust and the deed is
non-performance of the terms of the trust and repudiation thereof by the

defendant, but as the trust agreement was partly performed, it and the deed given thereunder cannot be set aside on those grounds.

The declaration of trust is not one of the express trusts allowed by section 96 of the Real Property Law, but the purposes of the declaration may be lawfully performed under a power and that being the case, the provisions of section 99 of the Real Property Law apply, and the title did not pass from the plaintiffs to the defendant.

Inasmuch as there was no reservation in the alleged trust agreement of an authority to revoke the power, said power cannot be revoked except upon proof of fraud or mutual mistake, and as there was no proof thereof, the power must stand.

While by the terms of the agreement it was provided that the defendant was to collect the rents for his own use, it was also provided that the plaintiffs were to have possession of the premises jointly with the defendant, and, therefore, the trust created was not a passive trust, and the title did not pass to the defendant by virtue of section 92 of the Real Property Law.

The declaration of trust and the deed given thereunder were one transaction and are to be construed together and constituted a valid power in trust with no legal title in the trustee, so that the plaintiffs and the defendant are tenants in common of the property, and the plaintiffs are entitled to have the property partitioned.

APPEAL by the defendants, John J. McGuire and another, from an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 11th day of June, 1921, upon the decision of the court rendered after a trial at the Kings Special Term.

*Julius S. Belfer* [*Charles J. Belfer* and *John S. Bennett* with him on the brief], for the appellants.

*Ralph Stout* [*M. T. Abruzzo* with him on the brief], for the respondents.

KELBY, J.:

This is an action to set aside and cancel a written agreement made by the plaintiffs or their predecessors in interest, dated March 30, 1912, and also a deed made the same day; to have the plaintiffs and defendants declared to be tenants in common of the premises described in the agreement and deed; for an accounting by the defendants, and for a partition and sale of the premises.

After the commencement of the action the plaintiff Edward F. McGuire died, and his widow, individually and as administratrix, was substituted in his place, as were also his children, his only heirs at law. The defendant Anna McGuire, wife of defendant John J. McGuire, was brought in as an additional party defendant.

The premises in question, 166 and 168 Fourth avenue in Brooklyn, were owned by the mother of the original parties to the action. The mother died intestate March 6, 1912. The premises consisted of a store and garage, with two floors above used for dwelling pur-

poses.    At the time of her death the mother resided in the premises, and there lived with her the plaintiff James J. McGuire and his four children, and the defendant John J. McGuire, then unmarried.

After their mother's death the three sons, who had become the sole owners of the property, entered into the following written agreement:

"Agreement, made this 30th day of March, 1912, between John J. McGuire [defendant]  *  *  *  party of the first part and James J. McGuire and Edward F. McGuire [plaintiffs]  *  *  * parties of the second part, *Witnesseth:*

" Whereas, that one Mary McGuire, mother of all the parties to this agreement, departed this life  *  *  *  the 6th day of March, 1912," intestate, and seized and possessed of property 168 Fourth Avenue, and

" Whereas, through the death of said Mary McGuire, the said parties of the first and second part became seized and possessed of, in fee simple in and to said above described property, each having an undivided one-third interest therein, and

" Whereas, the said party of the first part has advanced and loaned moneys to the said parties of the second part during a period of many years, prior to the death of the said Mary McGuire, which loans amount up to and about the sum of one thousand, six hundred fifty-three ($1653) dollars, and

" Whereas, the said party of the first part having given to the support of our said deceased mother during her life time, and

" Whereas, the party of the first part is about to make certain improvements in the building erected on the premises hereinbefore described and to pay the expenses incurred therefor, and

" Whereas, the premises are now subject to a mortgage of one thousand ($1,000) dollars, with accrued interest  *  *  *  held by the Home Title Insurance Company of New York,

" *Now therefore,* in consideration of the sum of one ($1.00) dollar, paid by the party of the first part to the party of the second part, the receipt of which is hereby acknowledged, and to the further consideration of the loans of money made to the parties of the second part by the party of the first part,  *  *  *  and further consideration of love and affection, existing between all the parties hereto, the said parties of the second part hereby agree  *  *  * to convey unto the party of the first part by a deed duly executed  *  *  *  all their undivided two-thirds interest in and to the premises  *  *  *

" It is Further Agreed by and between the party of the first part with the parties of the second part, that the said party of the first part will make certain improvements in the building erected on the

premises * * *, *which such improvements will be for the providing of a home for the parties of the second part.*

"And, the party of the first part further agrees, that he will pay all the necessary expenses incurred therefor, and that said improvements shall be commenced within a reasonable time from the execution of this agreement.

"And it is further understood and agreed, [that if] said premises are sold by the party of the first part at auction or private sale that the proceeds of such sale shall be divided as follows:

" *First:* That the party of the first part shall receive on presenting proper receipted bills such sums disbursed by him in the improvement of said building as herein before set forth.

" *Second:* That the amount remaining due after the deduction of the aforesaid amount shall be divided equally among the parties of the first and second part.

" *It is further understood and agreed* between the parties hereto that the said party of the first part shall collect all rents which may become due and payable from time to time from said property for his own use and benefit to reimburse the said party of the first part for services rendered in the care of said above described premises."

Pursuant to this agreement, a deed of the premises was on the same day executed by James J. McGuire and Edward F. McGuire and delivered to the defendant John J. McGuire.

The complaint set forth the making of the agreement, except that plaintiffs denied on information the recited loans of $1,653; that in addition to the terms of trust set out in the agreement, the defendant, as part of the trust agreement, agreed to permit plaintiffs to reside on the premises without being required to pay rent until such time as premises were sold and an accounting made.

The complaint then alleged that defendant had neglected and failed to perform the terms of said trust, in that he had refused to allow plaintiff James J. McGuire and Edward F. McGuire, deceased, to reside on premises, although defendant had been in possession since the making of the agreement; and in that he had collected rents to his own use. Plaintiffs also alleged that Edward F. McGuire did not understand some of the terms of the agreement of March 30, 1912, and that the parties were tenants in common, setting out their several undivided interests. Plaintiffs then prayed for the following relief: 1. That the agreement be rescinded and canceled; 2, that the deed be rescinded and canceled; 3, that the trust be adjudged terminated; 4, that the defendant reconvey the premises to plaintiffs; 5, that the plaintiffs and the defendant be adjudged tenants in common; 6, that the premises be sold in partition; and 7, that defendant account to plaintiffs.

The answer was practically a general denial, except the execution of the aforesaid written agreement was admitted. The answer set up as a further and separate " answer " the execution of the written agreement of March 30, 1912; the conveyance by deed dated March 30, 1912, executed by the plaintiff brothers to defendant, and the further allegation that defendant " is now the lawful owner of the premises therein described by virtue of said deed." And lastly, that defendant had fully performed all the terms of said agreement above referred to, " which he was legally bound to perform."

On the trial it appeared that the trust agreement of March 30, 1912, was in part performed by the various parties. Edward McGuire, his wife and five children, moved into the premises May 29, 1912, after they were repaired by defendant at a cost of $3,000, and moved out in November, 1913; James McGuire and his four children, who occupied the premises at the time of the death of the mother of the three McGuire brothers, continued to occupy the premises until July 1, 1918. According to the record, Edward's family of seven, James' family of five and the defendant, thirteen people in all, occupied the first floor above the store, consisting of seven rooms, and no rent was paid by the plaintiffs.

On the trial, in the face of his " further and separate answer " that he had performed " all the terms of said agreement above referred to [trust agreement] which he was legally bound to perform," the defendant tried to establish that the trust agreement was abandoned by the parties; that instead of getting a trust deed as contemplated by the declaration of trust, defendant received a " straight deed; " that the plaintiffs stated their creditors were pressing them, and that one of the plaintiffs had a judgment against him; that plaintiffs agreed to give the " straight deed " in consideration of the defendant paying Edward and James $500 each; that said sum was so paid and defendant produced two receipts purporting to be signed by his brothers as written evidence of such payment.

The trial justice held that both these receipts were " manufactured " and had " been recently made, probably to meet the defense in this case."

There is no hesitancy in agreeing with the trial judge that the name James J. McGuire appearing on the receipt dated April 2, 1912 (Defendants' Exhibit A), was not signed by the plaintiff James J. McGuire. Defendants' Exhibit B, the receipt of " Edward," is concededly in the handwriting of defendant, the deceased plaintiff Edward signing by " his mark." As these receipts were one transaction, the court below was justified in finding that both receipts were bogus. There is another and more compelling reason for finding that the defendant was not truthful

in this defense. It hardly seems credible that defendant, after paying both of his brothers in full for a so-called " straight " deed of the property, would submit for years to living in seven rooms with twelve other people, with the constant quarreling shown by the record. The learned trial justice was fully justified by the evidence in finding that the plaintiff James J. McGuire and Edward F. McGuire never received any consideration for the " straight " deed.

There was no proof of fraud or mutual mistake in the making and delivery of the declaration of trust and the deed in question; indeed there was no allegation in the complaint of fraud or mutual mistake, and on the trial plaintiffs expressly disclaimed any fraud. The sole ground for setting aside the declaration of trust and the accompanying deed was " non-performance " of the terms of the trust and repudiation thereof by defendant. As the trust agreement was largely performed, the judgment in so far as it sets aside the agreement of March 30, 1912, and the deed, cannot be sustained.

Clearly this declaration of trust is not one of the four express trusts allowed by section 96 of the Real Property Law. But the purposes of the declaration may be lawfully performed under a power, and, therefore, the provisions of section 99 of the Real Property Law apply. This section reads as follows:

" § 99. When an authorized trust is valid as a power. Where an express trust relating to real property is created for any purpose not specified in the preceding sections of this article, no estate shall vest in the trustees; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, shall be valid as a power in trust, subject to the provisions of this chapter. Where a trust is valid as a power, the real property to which the trust relates shall remain in or descend to the persons otherwise entitled, subject to the execution of the trust as a power."

The distinction between express trusts and powers in trust is that in the former the trustee takes the legal title, which does not pass to the trustee of a power. (*Cooke* v. *Platt*, 98 N. Y. 35; *Embury* v. *Sheldon*, 68 id. 227; Real Prop. Law, § 100.) In the case at bar, then, no legal title vested in the defendant. But section 148 of the Real Property Law provides:

" § 148. When power is irrevocable. A power, whether beneficial or in trust, is irrevocable, unless an authority to revoke it is granted or reserved in the instrument creating the power."

No such grant or reservation of an authority to revoke appears in the declaration of trust, and, therefore, it may not be revoked except upon proof of fraud or mutual mistake. If by reason of mutual mistake the written declaration of trust did not contain the

true agreement of the parties, it should have been reformed, and as reformed enforced.

One of the recited considerations in the declaration of trust was an alleged indebtedness of the plaintiffs to the defendant John J. McGuire in the sum of $1,653. The expressed consideration in any instrument is always subject to variance by parol evidence for every purpose except to destroy the instrument. The proof in the record sustains the finding in the court below that James J. McGuire and Edward F. McGuire were not indebted to the defendant John J. McGuire as recited in the declaration of trust.

While the declaration of trust provided that the defendant John J. McGuire might collect the rents for his own use, it also provided that the plaintiffs James J. McGuire and Edward F. McGuire were to have possession of the premises with the defendant John J. McGuire. Therefore, section 92 of the Real Property Law does not apply.

From the foregoing, therefore, it is concluded that the declaration of trust and the deed were one transaction, and that they are to be construed together; that there was a valid power in trust with no legal title in the trustee, and that the plaintiffs and defendants are tenants in common. (Real Prop. Law, §§ 66, 91; *Bryant* v. *Shaw*, 190 App. Div. 578.) The direction in the judgment for partition and sale of the premises was correct.

The interlocutory judgment in so far as it sets aside the declaration of trust and the deed should be reversed on the law and facts; the finding by which defendant John J. McGuire is surcharged with the rent collected should also be reversed on the law and facts. As thus modified the judgment directing a sale in partition should be affirmed.

BLACKMAR, P. J., KELLY, JAYCOX and MANNING, JJ., concur.

Interlocutory judgment in so far as it sets aside the declaration of trust and the deed is reversed on the law and facts; the finding by which defendant John J. McGuire is surcharged with the rent collected is also reversed on the law and facts. As thus modified the judgment directing a sale in partition is affirmed, without costs. Settle order on notice before Mr. Justice KELBY.