DANIEL J. McKENNA, Plaintiff, *v.* LOUISE M. MEEHAN, Defendant.

Supreme Court, New York County, November 11, 1925.

**Partition — complaint affirming conveyance of real estate to defendant for benefit of defendant and plaintiff, and asking only for enforcement of trust, does not state action for partition — plaintiff not entitled to have issues framed for jury trial.**

A complaint, which expressly affirms a conveyance of real estate to the defendant for the benefit of the defendant and of the plaintiff, and asks only for the enforcement of an alleged oral trust, does not state a cause of action in partition and, therefore, plaintiff is not entitled to have issues framed for a jury trial.

MOTION by plaintiff to have issues framed for a jury trial in this equity action on the ground that it is an action in partition.

*McLaughlin & Stern* [*Martin Lippman* and *Max L. Stolz* of counsel], for the plaintiff.

*Hector M. Hitchings,* for the defendant.

PROSKAUER, J. The complaint alleges that the real estate involved was the property of the mother of plaintiff and defendant; that it was transferred by the mother to the defendant upon the defendant's promise to hold the same for the joint benefit of her brother and herself and that after the death of the mother she would divide the property equally with her brother. The complaint does not pray that this conveyance be set aside. On the contrary, it expressly affirms the conveyance and seeks to enforce the oral trust upon which the plaintiff claims the conveyance was made and accepted. Thus, the plaintiff does not claim to have legal title. By the complaint he concedes that the legal title is in the defendant and asks the enforcement of a trust. This does not constitute an action in partition. There are authorities holding that where it is sought to set aside a conveyance and the result of this would be to leave the legal title in the plaintiff and the defendant and the complaint prays for partition, the action is deemed one in partition. (*Weston* v. *Stoddard,* 137 N. Y. 119; *McGuire* v. *McGuire,* 201 App. Div. 71; *Bryant* v. *Shaw,* 190 id. 578; *Curran* v. *Hosey,* 153 id. 557; *Leidenthal* v. *Leidenthal,* 121 id. 269; *Drake* v. *Drake,* 61 id. 1; *Holder* v. *Holder,* 40 id. 255; *Wagstaff* v. *Marcy,* 25 Misc. 121; *Best* v. *Zeh,* 82 Hun, 232.)

But those cases proceed upon the theory of disaffirmance of the conveyance and not of its affirmance as here.

The motion must, therefore, be denied. Order signed.