**Equity — partition — parties — evidence — Statute of Frauds — judgment — plaintiff who seeks to establish an oral declaration of trust in real property is not tenant in common until judgment in his favor — oral evidence competent to establish declaration of trust where Statute of Frauds not pleaded — waiver of statutory defense does not result in seizin — plaintiff not entitled to jury trial in partition until establishment of ownership in equity — where abuse of confidential relation is shown equity will grant relief independently of Statute of Frauds — in such action verdict of jury merely advisory — erroneous direction of judgment on verdict without making decision stating facts found and conclusions of law.**

1. Though section 1018 of the Civil Practice Act provides that no person other than a joint tenant or a tenant in common of property may be a plaintiff in an action of partition, a person claiming to be an heir may maintain such an action, notwithstanding an apparent devise to another and possession thereunder, if he allege and establish that

the apparent devise is void. (Civ. Pr. Act, § 1016.) Where, however, plaintiff does not put himself in the position of one who seeks to obtain or who has obtained an adjudication that an appa ent devise is void but seeks to establish an oral declaration of trust in real property, claiming under the deed, not adversely to it, and asserting misconduct not in the obtaining of the deed, but in the failure of the grantee to perform conditions orally established, until judgment of the court in his favor, he is not a tenant in common of the property.

2. Oral evidence is competent to establish such a trust where the parties by their pleadings raise no objection to the lack of written evidence. An oral declaration of trust was valid prior to the Statute of Frauds and that which was valid before the statute is not made invalid thereby unless the statute is pleaded or the question raised by motion on the pleadings. Waiver of the statutory defense, however, by failure to plead it, thereby giving plaintiff an opportunity to establish the trust, does not result in seizin from the beginning and he must establish ownership in equity before he is entitled to a jury trial in partition as a matter of right. The Statute of Uses (Real Prop. Law, §§ 92, 93) cannot operate automatically upon an oral declaration of trust to vest title in the beneficiaries until it is finally decided that the Statute of Frauds is not a bar to the establish ent of the trust.

3. Even though the Statute of Frauds had been pleaded, where the evidence shows that the defendant obtained from her mother, while on her death bed, a deed of all of her property to the exclusion of plaintiff, her brother, who was absent, the question would still remain whether there had been such an abuse of a confidential relation as to lead, without a writing, to an implication of a trust, in which event equity would give relief independently of the Statute of Frauds, but in an action merely for equitable relief a jury trial is not a matter of right, as in partition (Civ. Pr. Act, § 1023); if issues are framed, the verdict is advisory and the facts must still be passed upon and a decision made by the court under section 440 of the Civil Practice Act. It was error, therefore, in this action for the court to grant an interlocutory judgment in partition on the verdict

*Mc Kenna* v. *Meehan*, 220 App. Div. 690, reversed.

(Argued April 3, 1928; decided May 11, 1928.)

Appeal, by permission, from a judgment, entered August 6, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, unanimously affirming an interlocutory judgment in favor of plaintiff entered upon a decision of the court on trial

at Special Term after framed issues had been submitted to a jury in an action for partition.

*Maurice Rose* for appellant. The verdict of the jury was not binding on the Special Term. (*Morse* v. *Morse*, 85 N. Y. 53; *Underwood* v. *Curtis*, 127 N. Y. 523; *Crooke* v. *Prince*, 97 N. Y. 421; *Ogilby* v. *Hickok*, 144 App. Div. 61.) The interlocutory judgment without findings of fact and conclusions of law is without legal basis. (*Lowenthal* v. *Lowenthal*, 157 N. Y. 236; *MacDonald* v. *Slawson*, 108 Misc. Rep. 127; *Watts* v. *Doull Miller Co.*, 164 App. Div. 259; *Brewster* v. *Brewster*, 145 App. Div. 812; 204 N. Y. 687; *Smith* v. *Geiger*, 202 N. Y. 306.) The interlocutory judgment is not supported by the verdict. (*Wheeler* v. *Reynolds*, 66 N. Y. 229; *Cowee* v. *Cornell*, 75 N. Y. 91; *Jones* v. *Jones*, 137 N. Y. 610; *Doheny* v. *Lacy*, 168 N. Y. 213; *La Tourette* v. *La Tourette*, 54 App. Div. 137; 167 N. Y. 613; *Cooke* v. *Higgins*, 152 App. Div. 204.)

*Martin Lippman* for respondent. The defendant did not set up the Statute of Frauds in her answer and the same is, therefore, not available as a defense to her in this action. (*Zim* v. *Cohen*, 221 App. Div. 341; *Matthews* v. *Matthews*, 154 N. Y. 288.) The Statute of Frauds will not be used as an instrument of fraud. (*Sinclair* v. *Purdy*, 235 N. Y. 245; *Goldsmith* v. *Goldsmith*, 145 N. Y. 313.) The defendant received the property impressed with a trust in favor of herself and her brother, and under the Real Property Law, this being a naked trust, the legal title to the land in question was vested in both the plaintiff and the defendant as tenants in common. (*Bryant* v. *Shaw*, 190 App. Div. 578; *McGuire* v. *McGuire*, 201 App. Div. 71.)

Pound, J. The complaint alleges in substance that Catherine McKenna, mother of plaintiff and defendant,

who are her only heirs at law, was prior to her death the owner of real property in the borough of Manhattan known as No. 73 West Eighty-third street and No. 481 Columbus avenue; that for several years prior to her death she was sick, confined to her bed and incapable of managing her affairs; that when the plaintiff was in the United States Army defendant was intrusted by her mother with the management of her real property; that the defendant induced her mother, while lying on her death bed, to give her a·deed of such real estate, dated May 2, 1919, in reliance on her representation that the property would be regarded as the mother's as long as she lived but that she would after the death of the mother hold the property for herself and her brother, the plaintiff, share and share alike, divide the net income between them and upon a sale of the premises divide the proceeds equally between them; that defendant received the deed on these conditions and after the death of her mother refused to convey to plaintiff his share of such property or to account for the rents, issues and profits thereof.

The complaint demands judgment (a) declaring the deed a trust deed for the benefit of plaintiff and defendant; (b) that plaintiff and defendant are tenants in common of the premises thus conveyed; (c) for an accounting; (d) for a partition and sale thereof.   The complaint does not state whether the declaration of trust relied on was oral or in writing.   The answer puts in issue the material allegations of the complaint but does not plead the Statute of Frauds.

The question is whether plaintiff may maintain an action for partition.   " No person other than a joint tenant or a tenant in common of the property shall be a plaintiff in the action."   (Civ. Prac. Act, § 1018.)

The plaintiff moved to have issues framed for a jury trial on the ground that the action is for partition.   (Civ. Prac. Act, § 1023.)   If the action is for partition the

14

court may not disregard the findings of the jury, as it may in equity cases where issues are, in the direction of the court, sent to the jury for trial. (*Jones* v. *Jones*, 120 N. Y. 589, 599.) The Special Term held that as plaintiff was seeking to enforce a trust and was not claiming a legal title, partition would not lie and denied the motion. The Appellate Division reversed the order of the Special Term and granted the motion. The jury found in favor of the plaintiff on issues framed. The court granted an interlocutory judgment without making a decision stating separately the facts found and the conclusions of law, in conformity with Civil Practice Act, section 440. On appeal the Appellate Division unanimously held that, as the trial justice was bound by the verdict, judgment was properly entered as on a motion. Final judgment was thereafter entered from which an appeal has been taken by permission to this court. The defendant contends that the judgment was improperly granted.

In partition the title or interest of any party in the property as stated in any pleading may be put in issue and the issues thus joined must be tried and determined in the action. (Civ. Prac. Act, § 1022.) A person claiming to be an heir may maintain an action in partition notwithstanding an apparent devise thereof to another by the defendant and possession under such devise, but the plaintiff must allege and establish that the apparent devise is void. (Civ. Prac. Act, § 1016.) In other words, a disseized cotenant may, by proper allegations and proof, maintain compulsory partition as against a void devise. (*Weston* v. *Stoddard*, 137 N. Y. 119.)

Plaintiff does not put himself in the position of one who seeks to obtain or who has obtained an adjudication that an apparent devise is void. He seeks to establish an oral declaration of trust in lands and the automatic execution thereof in his favor as one of the beneficiaries. He claims under the deed, not adversely to it. He

asserts misconduct, not in the obtaining of the deed, but in the failure of the grantee to perform under its conditions as orally established.

Real Property Law (Cons. Laws, chap. 50, § 242) reads as follows: " § 242. When written conveyance necessary. An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any manner relating thereto, can not be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing. But this section does not affect the power of a testator in the disposition of his real property by will; nor prevent any trust from arising or being extinguished by implication or operation of law, *nor any declaration of trust from being proved by a writing subscribed by the person declaring the same.*"

Defendant claims that she is not bound by the oral declaration of trust because there is no writing which complies with the requirement of the statute. An oral declaration of trust was valid in England prior to the Statute of Frauds of 1677, but was enacted by the statute to be " utterly void and of none effect." (29 Charles II, ch. 3, § 7.) Under the statute, a trust must rest on a conveyance in writing, although informal memoranda or subsequent letters signed by the party declaring the same, if they show the nature, character and extent of the trust interest, are held to be a sufficient declaration thereof. (*Wright* v. *Douglass,* 7 N. Y. 564; *Hutchins* v. *Van Vechten,* 140 N. Y. 115.) " The trust must have existed at the time of the grant to the trustee, although it may have been effectually declared afterwards." (*Bates* v. *L. M. Co.,* 130 N. Y. 200, 205.) " The recognition of the trust must be found in the writing,

and not elsewhere." (Cᴀʀᴅᴏᴢᴏ, J. in *Sinclair* v. *Purdy,* 235 N. Y. 245, 250.)

One having been sued with regard to an alleged trust of which there is no sufficient declaration in writing may deny the existence of the trust or may admit it and plead the Statute of Frauds. Defendant denied the creation of the trust without pleading the statute. The section (§ 242) does not prevent any declaration of trust from being proved by a writing subscribed by the party declaring the same. The question arises whether it prohibits an oral declaration of trust as a rule of property and as wholly illegal and void or whether it merely creates a defense which may be waived by failure to plead it.

The provision of the Statute of Frauds declaring contracts void which by their terms are not to be performed in one year unless in writing (Personal Property Law [Cons. Laws, ch. 41], § 31) may be waived by failure to plead it, either by demurrer (now by motion) if the defect appears on the face of the complaint, or otherwise by answer. (*Crane* v. *Powell,* 139 N. Y. 379.) The rule has been applied in actions brought to recover damages for the breach of a contract to convey real property. (Real Property Law, § 259; *Matthews* v. *Matthews,* 154 N. Y. 288.) It was held that where the defendant intends to assail, on statutory grounds, a contract which, although declared *void* under the Statute of Frauds, is not illegal or a mere nullity, he must give notice of this intention to the opposing party by the pleadings.

While this is not a case of contract the same principle applies. In the light of the adjudged cases, a defendant who intends to avail himself of the benefit of the statute to prevent the proof of an oral declaration of trust must plead it. (*Sinclair* v. *Purdy, supra,* p. 254; see, also, Bogert on Trusts, 60.) " The statute enacts a rule of evidence." (*Hutchins* v. *Van Vechten, supra.*) That which was valid before the statute is not made invalid

by the statute unless the statute is pleaded or the question raised by a motion on the pleadings.  To hold otherwise would be contrary to the general spirit of the statute as construed by the decisions of this State, whatever the rule may be elsewhere.  (1 Reeves on Real Property, 436; 1 Perry on Trusts [6th ed.], § 79.)  The oral declaration of trust may be established if the parties by their pleadings raise no objection to the lack of written evidence. Oral evidence was, therefore, competent to establish the trust.

That this action will lie as for partition does not follow.  Plaintiff was neither a joint tenant nor a tenant in common of the property at the beginning of the action. He had no seizin in fact or in law, nor had he been disseized by a void devise.  He had neither possession nor right to possession of the lands.  He had a chose in action to have an oral trust declared which might have been defeated if the Statute of Frauds had been pleaded as a defense.  A trust declared in writing, other than one of the express trusts provided for by the Real Property Law, would be executed automatically by force of the statute so as to vest the legal estate in the beneficial owners.  (Real Property Law, §§ 92, 93.)  An oral trust would have been unenforceable from its creation (*Melenky* v. *Melen,* 233 N. Y. 19, 22), if defendant had not waived the objection to oral proof of the declaration of trust.  Plaintiff by such waiver was given the opportunity to establish the trust which the statute declared to be unenforcible.  To say, however, that waiver of the statutory defense would result in seizin from the beginning is to state an obvious fallacy.  Where the trust is not declared in the deed or in subsequent writings, ownership arises, not out of the deed alone but out of the waiver, the evidence in the case and the decision thereon. Ownership being acquired, partition with all its retrospective incidents, would follow, but plaintiff has not seizin until his right is judically established.  The deed

and the decision may result in seizin *ab initio*, but without the judgment of the court in his favor, plaintiff is not a tenant in common of the property. He must establish ownership in equity before he is entitled to a jury trial in partition as a matter of right.

If the Statute of Frauds had been pleaded, the question would still remain whether there had been such an abuse of a confidential relation as to lead without a writing to the implication of a trust. (*Sinclair* v. *Purdy, supra.*) Equity gives relief on the ground of the perpetration of fraud independently of the Statute of Frauds. If such relief is granted, the legal estate remains in the grantee but equity holds her to the performance of her verbal agreement. A constructive trust is declared to hold and sell which fastens itself on the property. In cases of established fraud, where the conveyance is not set aside and the trust is not executed automatically by the provisions of the statute, equity will suffer the title to rest in the fraudulent grantee as trustee *ex maleficio* to execute the trust in accordance with its terms. (*Wood* v. *Rabe*, 96 N. Y. 414, 422.)

In an action for equitable relief, a jury trial is not a matter of right. If issues are framed, the verdict is advisory. The facts must be passed upon and a decision made by the court under Civil Practice Act, section 440.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.