## DAVIS v. UNITED STATES.

District Court. S. D. New York.
Feb. 6, 1939.

Thomas A. McKennell, of Mount Vernon, N. Y., and Aaron Goody, of New York City, for plaintiff-petitioner.

Lamar Hardy, U. S. Atty., of New York City (Samuel Brodsky, Asst. U. S. Atty., of New York City, of counsel), for the United States.

PATTERSON, District Judge.

The plaintiff, administrator c. t. a. of the estate of Edward M. Davis, brought action to recover $7,341.52 paid as estate tax. The United States answered, admitting everything pleaded by the plaintiff except conclusions of law. Both parties then moved for judgment on the pleadings.

The decedent, Edward M. Davis, died on December 20, 1934, a resident of New York. His executrix made return of estate tax under the Revenue Act of 1926, as amended, and paid tax of $1,852.44. The commissioner later made deficiency assessment of $7,341.52, based on inclusion in the decedent's taxable estate of a fractional interest in two pieces of real estate in Mount Vernon, New York. The executrix paid the deficiency and filed claim for refund, which claim was denied. She died, and her successor brought this action to recover the $7,341.52. The sole question is whether an interest in the real estate formed part of the gross estate of the decedent for purposes of estate tax under the Revenue Act of 1926 as amended. It is claimed by the government that the case is covered either by section 302(a), section 302(c) or section 302(d) of the Act, 26 U.S.C.A. § 411 (a, c, d). The relevant portions of section 302 read:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated * * *

"(a) To the extent of the interest therein of the decedent at the time of his death. * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from the property. * * *

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke * * *."

Prior to August 29, 1903, the real estate was owned outright by the decedent's mother, Mary J. Davis. On that day she conveyed both parcels to one of her sons, Franklin T. Davis, by deeds absolute on their face. Two papers relative to the real estate were signed under date of April 17, 1905, and it is stated in the pleadings of both parties that the papers were signed simultaneously. One paper was a declaration signed by Franklin, by which he "admitted and declared" that the properties conveyed to him by his mother were conveyed to him in trust for the benefit of the four sons of Mary J. Davis, Franklin, Edward (the decedent in this case), William and Frederick, their heirs, executors and administrators. The other paper, also dated April 17, 1905, was called "Memorandum of Agreement" and was signed by Franklin "as trustee" and by Franklin, Edward (the decedent), William and Frederick "as beneficiaries". This memorandum, after mention of the conveyances of August 29, 1903, by the mother to Franklin and the declaration of trust signed by Franklin, recited that "it was the intention of the said Mary J. Davis, in making the conveyance, that the property should be held in trust and upon said terms and conditions which were understood by all the parties at the time that the said conveyance was made". It then provided: "Now, therefore, in order to more particularly set forth the terms of the said trust, and to make certain its conditions, the trustee and the beneficiaries thereunder, being the parties to this instrument, covenant with one another * * as follows:"

The terms of the trust given in the memorandum were that no beneficiary would sell, assign or transfer his interest without written consent of the others, unless he first offered them the opportunity to buy his interest at a price not larger than bid by strangers; that on death of any beneficiary without issue and without widow, his interest should pass to the surviving beneficiaries; that on death of a

beneficiary without issue but leaving a widow, his interest should pass to the others and be held by them in trust for the widow until her death or remarriage; that on death of a beneficiary leaving issue, his share should go to his issue; that the trust was conditioned on the life of Franklin and should end on his death, the surviving beneficiaries then to be entitled to proper deeds of conveyance for their shares in the property as the same might then be determined according to the provisions of the writing. Paragraph Ninth read: "This agreement is entered into between the parties hereto as an exposition of the trust undertaken by Franklin T. Davis, and he as such trustee agrees to hold the property subject to this agreement of the beneficiaries, and the beneficiaries agree among themselves and with the said Franklin T. Davis, that the property, under this condition, shall remain in his hands as such trustee and not otherwise."

Franklin T. Davis died in 1936, and the trust came to an end. Only one of the four brothers, William B. Davis, survived him. Edward, the decedent in the present case, had died in 1934, leaving issue. In an action for partition the New York Supreme Court in 1937 gave judgment that the trust was one measured by the life of Franklin, that on his death title to the real estate vested in the beneficiaries surviving him and the issue of deceased beneficiaries per stirpes and not per capita, that none of the three deceased beneficiaries had an interest which passed to his heirs, devisees or next of kin, that accordingly on the death of Franklin title in fee simple vested as follows: one-third in the surviving brother, one-third in the surviving issue of Franklin, and one-third in the surviving issue of Edward.

The case at first sight is one where the decedent's mother transferred real estate in trust for the life of a brother of the decedent, the decedent to receive a part of the income during the trust so long as he lived, and also to receive a share of the property in fee if living at the expiration of the trust, the share to go to others if he were not then living. The decedent died prior to expiration of the trust. In such a case it would be surprising if any interest in the real estate were properly included in the decedent's estate for assessment of estate tax. The government nevertheless urges that the case comes within section 302(a), section 302 (c), or section 302(d) of the Act, and it is necessary to consider the case more closely in connection with those provisions of the Act.

1. The decedent had no "interest" in the real estate taxable under section 302(a). He had two interests: first, a share of the income during his life or the life of Franklin, whichever was the shorter; second, a contingent remainder in fee simple. The trust instruments do not make any specific disposition of the income during the trust, but there is no doubt that the four sons were entitled to equal shares of the income for their respective lives, subject to earlier termination of the trust, they being "the persons presumptively entitled to the next eventual estate." New York Real Property Law, Consol.Laws, c. 50, section 63; Manice v. Manice, 43 N.Y. 303, 385. As to the remainder in fee, it was contingent on the decedent surviving his brother Franklin. As events turned out, the decedent died before Franklin, so that the alternate remainder in fee simple to his issue was the remainder that took effect. His contingent remainder was not descendible or devisable. Plainly these interests, both of which became extinct at the decedent's death, are not touched by section 302(a). See Regulations 80, article 11. The government indeed concedes that section 302 (a) does not cover such interests as these. Its argument is that the decedent had power of sale over a portion of the real estate, the power expiring with his life, that this power was one to sell an absolute interest, and that in effect the portion of the property over which he had power of sale belonged to him. We may pass the point whether the power was one to sell an absolute interest or was merely one to sell the defeasible interests that the decedent himself had in the property, a point on which the trust instruments are by no means clear. For even if the power of sale were a power over an undivided share outright, such a power is not an "interest" within the meaning of section 302(a). That provision deals with property owned by a decedent and passing at death by will or intestacy. Subsequent provisions in section 302 deal with property over which a decedent had powers. See Porter v. Commissioner, 288 U.S. 436, 440, 441, 53 S.Ct. 451, 77 L.Ed. 880; United States v. Field, 255 U.S. 257, 41 S.Ct. 256, 65 L.Ed. 617, 18 A.L.R. 1461.

■ 2. The case is not within section 302(c), covering transfers in contemplation of death, transfers intended to take effect in possession or enjoyment at or after death, and transfers with reservation of life use. Section 302(c) is limited to interests "of which the decedent has at any time made a transfer, by trust or otherwise." The decedent in this case made no transfer of the real estate; he created no trust. The defendant urges that on declaration of trust by Franklin in 1905 in favor of the four brothers there was created a dry or passive trust which became a legal interest by virtue of the New York statute of uses (Real Property Law, Consol.Laws, c. 50, section 93), that consequently the decedent became owner of a one-fourth interest in the real estate, and that by the memorandum of agreement he "transferred" that interest back to Franklin in trust. The argument does violence to the intention of the parties expressed in the two instruments. It also does violence to the law of New York. The declaration of trust and the memorandum of agreement were dated the same day, were executed simultaneously and relate to the same subject-matter, the declaration covering the matter in general and the memorandum of agreement covering it in detail. They are to be read together and given legal effect as parts of one and the same transaction. City of New York v. Interborough Rapid Transit Co., 257 N.Y. 20, 177 N.E. 295; Van Cott v. Prentice, 35 Hun 317, affirmed 104 N.Y. 45, 10 N. E. 257; McGuire v. McGuire, 201 App. Div. 71, 193 N.Y.S. 772; Joy v. St. Louis, 138 U.S. 1, 11 S.Ct. 243, 34 L.Ed. 843. The declaration of trust on its face is an admission by Franklin that the conveyance from his mother to him two years earlier was actually one in trust for the four sons. The memorandum of agreement on its face is a permanent record of the particular terms of the trust as understood by all concerned at the time of the conveyance from the mother to Franklin. The legal effect is that the trust was created when the decedent's mother conveyed the real estate to Franklin and took his oral promise to hold it in trust for the purposes later written down in the memorandum of agreement. The New York Statute of Frauds relative to trusts in real estate, Real Property Law, section 242, does not require that a trust be created by a writing. The Statute of Frauds is a rule of evidence; it is satisfied when a later writing by the trustee admits the existence of the trust. Cook v. Barr, 44 N.Y. 156; McKenna v. Meehan, 248 N.Y. 206, 161 N.E. 472. It is settled that where real estate has been conveyed by deed absolute on its face and the grantee later acknowledges in writing that he took title on certain trusts, the trust so declared is valid from the time when the grantee took title. McArthur v. Gordon, 51 Hun 511, 4 N. Y.S. 584, affirmed 126 N.Y. 597, 27 N.E. 1033, 12 L.R.A. 667; Hutchins v. Van Vechten, 140 N.Y. 115, 35 N.E. 446; Sinclair v. Purdy, 235 N.Y. 245, 139 N.E. 255. "The trust thus proved, however late the proof, will relate back to its creation." Perry on Trusts, 7th ed., section 82. The trust in the case at bar, therefore, came into existence in 1903 when the decedent's mother transferred the real estate to his brother Franklin. The declaration of trust and memorandum of agreement were merely the written proof of the terms of a trust already created by the mother. The only transfer was from the decedent's mother to Franklin, and the only trust was the one then created. The decedent never transferred the property or created the trust.

There is no reason to doubt the truth of the recitals in the 1905 documents that the trust was as understood at the time of the conveyance to Franklin. But if those recitals were untrue, it would make no difference in the result. In such case the trust evidenced by the two documents came into existence in 1905 by declaration of Franklin, who held legal title, and by the simultaneous memorandum of agreement. Here again the transfer in trust was not made by the decedent and is not taxable under section 302(c).

3. What has been said on section 302(c) disposes also of the contention that the case is governed by section 302(d). Under section 302(d) the property to be included in the gross estate is confined to property or any interest "of which the decedent has at any time made a transfer, by trust or otherwise."

There is no need to consider the point of retroactivity, whether the transfer in 1903 or 1905 might validly be taxed under the Revenue Act of 1926 as amended. No interest in the real estate was transferred by the decedent at his death or at any other time. The plaintiff is entitled to judgment on the pleadings for the amount sued for, with interest.