Clarence J. Henry, J.
On or about October 7, 1954, the State of New York appropriated, under section 30 of the Highway Law, a portion of certain real property located in the Town of Hopewell, Ontario County (Lake Road By-Pass, Part 2, Map No. 31, Parcel No. 45; Notice of Appropriations, Liber 562 of Deeds, p. 241, Ontario County Clerk’s office).
At the time of the appropriation the record owner (certified as such under Highway Law, § 30, subd. 9) was the defendant George Brundage. All negotiations were carried on with him, and compensation was made to him.
On February 2, 1962, the plaintiff commenced the instant action, alleging, in the first cause, that a deed to the defendant Brundage’s predecessor in title, dated October 15,1924, recorded in Ontario County Clerk’s office October 28, 1928 (Liber 348 of Deeds, p. 216), was void; that the plaintiff is the owner, as a tenant in common, of a 23/96 interest in the conveyed property; that the appropriation by the defendant State of a portion of said property is therefore void, by virtue of lack of proper notice to the true owners; and seeks partition of that portion. The second cause (not here involved) relates to, sought partition of the balance of the conveyed property.
The State now moves, under rules 106 and 107 of the Rules of Civil Practice, to dismiss the first cause of action on the grounds that a cause of action has not been stated against the State, and that the court lacks jurisdiction. The positions are well taken.
The plaintiff has mistaken her remedy — if she is entitled to one. It is apparent that, insofar as the first cause of action is concerned, she is endeavoring to participate in the proceeds of *107 any payment made or to be made by the State in compensation for the appropriated portion, but partition, naming the State as codefendant and seeking to void the appropriation, is not the proper approach. In the first place, an action of partition cannot be maintained by one not possessing legal title (Civ. Prac. Act, §§ 1012, 1018; Gifford v. Whittemore, 4 A D 2d 379; McKenna v. Meehan, 248 N. Y. 206; Harvey v. Metz, 271 App. Div. 788) and the plaintiff’s title remains for determination. Section 1020 of the Civil Practice Act, relied on by her, providing that the State can be made a party defendant in an action of partition, is limited by this rule, and consent by the State to be sued in partition does not affect the operation of it (Gifford v. Whittemore, supra). In the second place, an appropriation by the State cannot be voided through such an action, even if the plaintiff is in proper legal position to prosecute it. Under subdivision 6 of section 30 of the Highway Law, upon filing, by the Superintendent of Public Works, of the description and a map of the property appropriated in the office of the County Clerk where the property is located, the appropriation is deemed complete and title vests in the State. Subdivisions 9 and 10 of section 30 require certification thereafter by the Attorney-G-eneral as to the ownership of the appropriated property, and notification by the Superintendent of Public Works to the owners “ so certified ”. Failure to notify one whom later litigation may determine to be an actual owner cannot operate to void the State’s title, already vested, and, in any event, certification and notice are not conditions precedent to the vesting of title under subdivision 6 of section 30. (See Fifth Ave. Coach Lines v. City of New York, 11 N Y 2d 342.)
The plaintiff should seek her remedy through a proceeding under section 500-b of the Real Property Law, or in the Court of Claims (Court of Claims Act, §§ 8, 9, 10). In the former lies clear provision for the determination of any rights she may have had in the appropriated portion of land immediately prior to the vesting of title in the State — in a separately pleaded cause of action directed against then adverse holders.
The motion to dismiss the first cause of action in the complaint, as to the defendant State of New York, is granted. Ten dollars costs.